UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

INFORMED CONSENT ACTION NETWORK,
2025 Guadalupe Street, Suite 260
Austin, Texas 78705,

                    Plaintiff,

-against-

AGENCY FOR HEALTHCARE RESEARCH AND QUALITY,
5600 Fishers Lane,
Rockville, MD 20857,

-and-

U.S. DEPARTMENT OF HEALTH AND HUMAN SERVICES,
200 Independence Avenue SW
Washington, DC 20201,

                    Defendants.

Civil Action No. 1:24-cv-204

## COMPLAINT

Plaintiff Informed Consent Action Network ("**ICAN**" or "**Plaintiff**") brings this action against Defendants Agency for Healthcare Research and Quality ("**AHRQ**") and U.S. Department of Health and Human Services ("**HHS**," together with CDC, "**Defendants**") to compel compliance with the Freedom of Information Act, 5 U.S.C. § 552 ("**FOIA**"). As grounds therefor, Plaintiff alleges as follows:

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

2. Venue is proper in this district pursuant to 5 U.S.C. § 522(a)(4)(B).

1

## PARTIES

3. Plaintiff ICAN is a not-for-profit organization with an office located at 2025 Guadalupe Street, Suite 260, Austin, Texas 78705 and is in good standing with the Texas Secretary of State.

4. Defendant AHRQ is an agency within the Executive Branch of the United States Government, organized within HHS. AHRQ is an agency within the meaning of 5 U.S.C. § 552(f) and has possession, custody, and control of records to which Plaintiff seeks access.

5. Defendant HHS is an agency within the Executive Branch of the United States Government. HHS is an agency within the meaning of 5 U.S.C. § 552(f) and has possession, custody, and control of records to which Plaintiff seeks access.

## STATEMENT OF FACTS

6. On August 18, 2023, Plaintiff sent a FOIA request to AHRQ seeking copies of the following records:

> **(1) All communications concerning the destruction of the records on Grant Number R18 HS017045 awarded to Principal Investigator Ross Lazarus from Harvard Pilgrim Health Care, Inc. by the Agency for Healthcare Research and Quality in Department of Health and Human Services (the "Grant") by AHRQ and NARA; and**
>
> **(2) A copy of the "General Records Retention Schedule" referenced in the final response in Case No. 2023-00790-FOIA-PHS ("The Agency for Healthcare Research and Quality conducted a search and reports there are no records responsive to your request. All records on this grant were authorized by AHRQ to be destroyed by the National Archives and Records Administration (NARA) in accordance with the General Records Retention Schedule.")**

(**Exhibit A**)

7. On August 22, 2023, the request was received and assigned #2023-00122-FOPA-

2

OS. (**Exhibit B**) On August 30, 2023, AHRQ sent Plaintiff its final determination letter which stated in relevant part:

> The AHRQ conducted a search for responsive records and reports that the records are available at the following website General Records Schedules (GRS) | National Archives

(**Exhibit C**).

8. Plaintiff appealed AHRQ's final determination letter on October 31, 2023, challenging the adequacy of AHRQ's search. (**Exhibit D**)

9. On November 1, 2023, AHRQ acknowledged receipt of Plaintiff's appeal and assigned it Case No. 2024-00024-A-PHS. In AHRQ's acknowledgment letter, it stated in relevant part:

> Pursuant to 5 U.S.C. § 552(a)(6)(B)(i) and 5 U.S.C. § 552(a)(6)(B)(iii) of the FOIA and 45 C.F.R. § 5.24(f) of the HHS FOIA regulations, your appeal falls under "unusual circumstances" in that our office will need to consult with another office or agency that has substantial interest in the determination of the appeal. The actual processing time will depend on the complexity of the issues presented in the appeal and consultation with other U.S. Department of Health and Human Services (HHS) components involved.

(**Exhibit E**)

10. In violation of the time limits prescribed by 5 U.S.C. § 552(a)(6)(A)(ii) and 5 U.S.C. § 552(a)(6)(B)(i), as of the date of this Complaint, AHRQ has failed to make a determination with respect to Plaintiff's appeal.

## COUNT I
## FAILURE TO MAKE DETERMINATION BY REQUIRED DEADLINE
## (VIOLATION OF FOIA, 5 U.S.C. § 552)

11. Plaintiff realleges the previous paragraphs as if fully stated herein.

12. Defendants were required to make a final determination on Plaintiff's appeal no later than December 15, 2023.

13. Defendants failed to make a final determination on Plaintiff's appeal within the time limits set by FOIA; therefore, Plaintiff is deemed to have exhausted its administrative remedies. 5 U.S.C. § 552(a)(6)(A)(ii); 5 U.S.C. § 552(a)(6)(B)(i); and 5 U.S.C. § 552(a)(6)(C)(i).

14. Defendants are in violation of FOIA.

### COUNT II
### FAILURE TO ESTABLISH AN ADEQUATE SEARCH
### (VIOLATION OF FOIA, 5 U.S.C. § 552)

15. Plaintiff realleges the previous paragraphs as if fully stated herein.

16. For appeal Case No. 2024-00024-A-PHS, Defendants have failed to establish that they adequately searched for responsive records despite Plaintiff's challenge to same in Plaintiff's appeal.

17. Defendants are in violation of FOIA.

### REQUESTED RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court:

a. Declare that Defendants' current and continued delay in processing Plaintiff's FOIA appeal is unlawful under FOIA;

b. Order Defendants to conduct searches for any and all records responsive to Plaintiff's FOIA request and demonstrate that they employed search methods reasonably likely to lead to the discovery of records responsive to Plaintiff's FOIA request;

c. Order Defendants to produce, by a date certain, any and all non-exempt records responsive to Plaintiff's FOIA request and a *Vaughn* index of any responsive records withheld under any claimed exemption;

d. Enjoin Defendants from continuing to withhold any and all non-exempt records responsive to Plaintiff's FOIA request;

  e. Maintain jurisdiction over this action until Defendants comply with FOIA and all orders of this Court;

  f. Grant Plaintiff an award of attorneys' fees and other litigation costs reasonably incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and

  g. Grant Plaintiff such other relief as the Court deems just and proper.

Dated: January 23, 2024        SIRI & GLIMSTAD LLP

                */s/ Elizabeth A. Brehm*
                Elizabeth A. Brehm, DC Bar No. NY0532
                R. Scott Pietrowski, MS Bar No. 99387
                (*pro hac vice to be filed*)
                Siri & Glimstad LLP
                745 Fifth Avenue, Suite 500
                New York, New York 10151
                Tel: (212) 532-1091
                ebrehm@sirillp.com
                spietrowski@sirillp.com