UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| INFORMED CONSENT ACTION NETWORK,<br><br>      Plaintiff,<br><br>   v.<br><br>AGENCY FOR HEALTHCARE RESEARCH AND QUALITY, *et al.*,<br><br>      Defendants. | Civil Action No. 24-0204 (CJN) |

## ANSWER

Defendant Agency for Healthcare Research and Quality ("AHRQ") and Defendant Department for Health and Human Services ("HHS") (collectively "Defendants"), by and through undersigned counsel, respectfully submit the following answer to Plaintiff's Complaint filed on January 23, 2024.

By way of general response, all allegations made or intended to be made against Defendants are denied unless specifically admitted, and any factual averment admitted is admitted only as to the specific facts and not as to any conclusions, characterizations, implications, or speculations stated, incorporated, or implied in connection therewith. Defendants reserve their right to amend this Answer if appropriate following further investigation in this matter. The foregoing is incorporated into each paragraph of this answer.

Furthermore, to the extent the Complaint refers to or quotes from external documents, statutes, or other sources, Defendants' references thereto are not intended to be, and should not be construed to be, an admission that the cited materials are: (a) correctly cited or quoted by Plaintiff, (b) relevant to this or any other action, or (c) admissible in this, or any other, action.

Defendants respond to Plaintiff's Complaint in like numbered paragraphs as follows:

The first non-enumerated paragraph of the Complaint consists of Plaintiff's characterization of this lawsuit, to which no response is required. To the extent a response is deemed required, Defendants admit that Plaintiff purports to bring this lawsuit pursuant to the Freedom of Information Act ("FOIA").

## JURISDICTION AND VENUE[1]

1.      This paragraph consists of conclusions of law to which no response is required. To the extent a response is deemed required, Defendants admit that the Court has jurisdiction over this matter subject to the terms and limitations of FOIA.

2.      This paragraph consists of conclusions of law to which no response is required. To the extent a response is deemed required, Defendants admit that venue is proper in this judicial district.

## PARTIES

3.      Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

4.      Defendant AHRQ admits that it is an agency of the federal government and that it is an executive department subject to FOIA. The remaining allegations in this paragraph consist of conclusions of law to which no response is required.

5.      Defendant HHS admits that it is an agency of the federal government and that it is an executive department subject to FOIA. The remaining allegations in this paragraph consist of conclusions of law to which no response is required.

---

[1]      For ease of reference, Defendants refer to Plaintiff's headings and titles, but to the extent those headings and titles could be construed to contain factual allegations, those allegations are denied.

## STATEMENT OF FACTS

6.     Defendant AHRQ denies that Plaintiff sent a FOIA request to AHRQ.  Defendant AHRQ avers and Defendant HHS admits that Defendant HHS received a FOIA request dated August 18, 2023.  The remaining allegations in this paragraph consist of Plaintiff's characterization of its FOIA request, which speaks for itself. To the extent a further response is deemed required, Defendant HHS respectfully refers the Court to Plaintiff's FOIA request for a complete and accurate statement of its contents and denies any allegations inconsistent therewith.

7.     Defendant AHRQ denies the allegations in this paragraph.  Defendant HHS admits that on August 30, 2023, Defendant HHS sent Plaintiff its final determination letter.  The remaining allegations in this paragraph consist of Plaintiff's characterization of the final determination letter, which speaks for itself. To the extent a further response is deemed required, Defendant HHS respectfully refers the Court to this final determination letter for a complete and accurate statement of its contents and denies any allegations inconsistent therewith.

8.     Defendant AHRQ denies the allegations in this paragraph.  Defendant HHS admits that Plaintiff appealed HHS's final determination letter on October 31, 2023.

9.     Defendant AHRQ denies the allegations in this paragraph.  Defendant HHS admits that on November 1, 2023, Defendant HHS acknowledged receipt of Plaintiff's appeal and assigned it Case No. 2024-00024-A-PHS.  The remaining allegations in this paragraph consist of Plaintiff's characterization of the acknowledgment receipt of Plaintiff's appeal, which speaks for itself. To the extent a further response is deemed required, Defendant HHS respectfully refers the Court to this acknowledgment receipt of Plaintiff's appeal for a complete and accurate statement of its contents and denies any allegations inconsistent therewith.

10.     The allegations in this paragraph consist of conclusions of law to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations in this paragraph.

## COUNT I

### FAILURE TO MAKE DETERMINATION BY REQUIRED DEADLINE (VIOLATION OF FOIA, 5 U.S.C. § 552

11.     Defendants incorporate by reference their responses set forth above.

12.     This paragraph consists of conclusions of law to which no response is required. To the extent a response is deemed required, Defendants deny the allegations in this paragraph.

13.     Defendants admit that Defendant HHS did not make a final determination within twenty days of receipt of Plaintiff's appeal.

14.     This paragraph consists of conclusions of law to which no response is required. To the extent a response is deemed required, Defendants deny the allegations in this paragraph.

## COUNT II

### FAILURE TO PROVIDE AN ADEQUATE SEARCH (VIOLATION OF FOIA, 5 U.S.C. § 552)

15.     Defendants incorporate by reference their responses set forth above.

16.     The allegations in this paragraph consist of conclusions of law to which no response is required. To the extent a response is deemed required, Defendants deny the allegations in this paragraph.

17.     This paragraph consists of conclusions of law to which no response is required. To the extent a response is deemed required, Defendants deny the allegations in this paragraph.

## REQUESTED RELIEF

The allegations (a) through (g) following the "Wherefore" clause of Plaintiff's Complaint constitute Plaintiff's request for relief to which no response is required. To the extent a response

is deemed required, Defendants deny that Plaintiff is entitled to the relief requested or to any relief whatsoever.

## DEFENSES

In further response to the Complaint, Defendants raise the following defenses. Defendants respectfully request and reserve the right to amend, alter, and supplement the defenses contained in this Answer as the facts and circumstances giving rise to the Complaint become known to Defendants throughout the course of this litigation.

### First Defense

Information that Plaintiff seeks in its FOIA request is exempt from disclosure in whole or in part under the FOIA, and Defendant has not improperly withheld any records under 5 U.S.C. § 552, as amended.

### Second Defense

The Court lacks subject matter jurisdiction over Plaintiff's requests for relief that exceed the relief authorized under FOIA, 5 U.S.C. § 552.

### Third Defense

Plaintiff is not entitled to compel the release of records exempt from disclosure under FOIA. *See* 5 U.S.C. § 552(b).

### Fourth Defense

Plaintiff is not entitled to production of non-exempt portions of records that are not reasonably segregable from exempt portions of records.

### Fifth Defense

Defendants' actions or inactions did not violate the FOIA or any other statutory or regulatory provision.

**Sixth Defense**

Plaintiff is neither eligible for nor entitled to attorney's fees or costs in this action.

Dated: February 23, 2024
       Washington, DC

                             Respectfully submitted,

                             MATTHEW M. GRAVES, D.C. BAR #481052
                             United States Attorney

                             BRIAN P. HUDAK
                             Chief, Civil Division

                           By:        /s/ *B. Kathryn Debrason*
                                B. Kathryn Debrason
                                Assistant United States Attorney
                                PA Bar No. 321236
                                601 D Street, NW
                                Washington, DC 20530
                                (202) 815-8663
                                kate.debrason@usdoj.gov

                             *Attorneys for the United States of America*